

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CRH
F. #2017R00373

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 20, 2019

<u>By ECF and Email</u>

Honorable Roslynn R. Mauskopf
United States District Court Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    <u>United States v. Jason Morris</u>
             <u>Criminal Docket No. 18-CR-223 (RRM)</u>

Dear Judge Mauskopf:

      The government respectfully submits this sentencing memorandum in anticipation of the defendant Jason Morris' (the "defendant" or "Morris") sentencing hearing, which the Court has scheduled for June 27, 2019. For the reasons discussed below, the government recommends a sentence of between 6 to 12 months, which is within the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") advisory range.

I.    <u>Background</u>

      As detailed in the defendant's Pre-Sentence Investigation Report ("PSR"), the defendant obtained and used a United States passport in another person's name. After obtaining the fraudulent passport in 2008, the defendant entered the United States using this fraudulent passport in 2010. In 2015, the defendant applied for naturalization. During this process, the defendant falsely stated in his naturalization application that he had never claimed to be a U.S. citizen, never committed a crime, never provided false or fraudulent documents to a U.S. government official, and never lied to a U.S. government official to gain entry to the United States. The defendant was interviewed by a government official about the application, and signed the application underneath an oath that the statements contained within were true and accurate. On November 8, 2018, the defendant pled guilty before Magistrate Judge

Tiscione to making false statements under oath in a naturalization proceeding, in violation of Title 18, United States Code, Section 1015(a).[1]  See PSR ¶¶ 4-9.

II.     Guideline Calculation

The United States Probation Department has determined that the defendant is subject to a total offense level of 10 after acceptance of responsibility, a criminal history category of I, and therefore a Guidelines range of 6 to 12 months.  For the reasons stated in the government's submission in response to the defendant's objection to the PSR (see Docket Entry No. 40), the government agrees with the Probation Department's Guideline calculation.  The defendant correctly notes that, at the plea hearing, the government estimated that the defendant's Guideline range would be 4 to 10 months.  While the government clearly stated in the plea agreement that this was only an estimate, the government does not object if the Court considers this lower estimate as a factor in its sentencing decision.

III.    Legal Standard

In the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 245 (2005), which held that the Guidelines are advisory not mandatory, the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining a sentence, but also may tailor the sentence in light of other statutory concerns.  See 18 U.S.C. § 3553(a).  Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)."  United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow:  "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  Gall, 552 U.S. at 49 (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, the Court may not presume that the Guidelines range is reasonable.  It must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

IV.     Analysis

A Guidelines sentence of 6 to 12 months would reflect the seriousness of the defendant's conduct.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A).  The defendant took advantage of

---

[1] The government respectfully requests that the Court accept the defendant's guilty plea in advance of sentencing.  A copy of the defendant's plea hearing has been filed electronically.  See Docket Entry No. 34.

a system designed to permit law-abiding immigrants to gain citizenship by lying during the application process. The defendant's multiple false statements were made in the face of multiple warnings about the need for truthfulness and accuracy in the naturalization process. Most significantly, the defendant's false statements are about his prior criminal conduct, the use of a fraudulent passport, an equally serious crime. Accordingly, a Guidelines sentence is appropriate in order to deter the defendant from similar future criminal conduct, and will provide adequate deterrence to others contemplating similar acts. See id. § 3553(a)(2)(B). Lastly, the Court should consider the "history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Nothing in the defendant's history, nor his personal characteristics justify or mitigate his criminal conduct. The defendant notes that he used a fraudulent passport to visit his ill mother in Jamaica. While unfortunate, such a situation does not justify using another person's identity to secure a U.S. passport for international travel. And it certainly does not justify lying about that conduct several years later when the defendant sought the privilege of becoming a U.S. citizen.

V.     Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 6 to 12 months, which is within the advisory Guidelines range.

          Respectfully submitted,

          RICHARD P. DONOGHUE
          United States Attorney

By:    /s/Craig R. Heeren
       Craig R. Heeren
       Assistant U.S. Attorney
       (718) 254-6467

cc:    Clerk of Court (RRM) (by ECF)
        Donald D. duBoulay, Esq. (by ECF and email)